■ HI-RISE LAUNDRY EQUIPMENT CORP., Appellant, v MATRIX PROPERTIES, INC., et al., Respondents, et al., Defendant. — In an action for a declaratory judgment, for injunctive relief and to recover damages for breach of contract, plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered July 29, 1982, which, *inter alia,* granted the motions of defendants Matrix Properties, Inc., Matrix Properties, David Twersky, Inc., and David Twersky for summary judgment and dismiss the complaint against said defendants. Order and judgment modified, on the law, by adding thereto a provision declaring that the agreement in question dated November 1, 1978, is void as against any person who subsequently purchases or acquires the subject premises located at 420 Shore Road, Long Beach, New York. As so modified, order and judgment affirmed, without costs or disbursements. The agreement between plaintiff and the former owner of the subject premises was a lease rather than a license. It contained a description of the specific premises to be occupied exclusively by plaintiff, specified the amount of rent to be paid, and provided for a 10-year period of occupancy. In fact, in the agreement the landlord expressly recognized the "agreement as a lease for the above referenced premises, and as such [agreed to] insure the legal rights afforded to such instrument as concerns any conveyance, sale or transfer of the property". Clearly, the language of the agreement establishes that the parties intended that the agreement be a lease (see *Polner v Arling Realty,* 194 Misc 598). However, in order for the lease to be valid against subsequent purchasers, section 291 of the Real Property Law requires that it be recorded. As plaintiff failed to record the lease, it is "void as against any person who subsequently purchases or acquires" the property (Real Property Law, § 291). We note that Special Term should have declared the rights of the parties (see *Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74; see, also, *Zubli v Community Mainstreaming Assoc.,* 50 NY2d 1024, 1026). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.