■ SEBCO LAUNDRY SYSTEMS, INC., Formerly Known as SEBCO CORP., Appellant, v OAKWOOD TERRACE HOUSING CORP. et al., Respondents. [715 NYS2d 877] —In an action, *inter alia*, to permanently enjoin the defendants from removing, disconnecting, or replacing the plaintiff's laundry equipment, the plaintiff appeals from an order of the Supreme Court, Orange County (Murphy, J.), entered April 12, 1999, which, *inter alia*, denied its application for injunctive relief.

■ SEBCO LAUNDRY SYSTEMS, INC., Formerly Known as SEBCO CORP., Appellant, v OAKWOOD TERRACE HOUSING CORP. et al., Respondents. [715 NYS2d 755] —In an action, *inter alia*, to permanently enjoin the defendants from removing, disconnecting, or replacing the plaintiff's laundry equipment, the plaintiff appeals from (1) an order of the Supreme Court, Orange County

(Owen, J.), dated October 28, 1999, which denied its motion to amend the complaint and appoint a receiver, and granted the defendants' cross motion for summary judgment dismissing the complaint, and (2) a "statement for judgment" of the same court dated November 2, 1999.

Ordered that the appeal from the "statement for judgment" is dismissed, as no appeal lies therefrom (see, CPLR 5701); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The agreements entered into by the parties pursuant to which the appellant, in the business of installing and operating coin-metered laundry equipment, was given the "sole and exclusive right" to install and maintain laundry equipment in the respondents' apartment buildings, were licenses, not leases. The agreements did not convey sole and exclusive dominion and control over the areas where the machines were installed to the appellant (see, Linro Equip. Corp. v Westage Tower Assocs., 233 AD2d 824; Dime Laundry Serv. v 230 Apts. Corp., 120 Misc 2d 399), and did not contain descriptions of the specific areas of the respondents' premises to be occupied by the appellant (cf., Hi-Rise Laundry Equip. Corp. v Matrix Props., 96 AD2d 930). While diagrams designating certain areas were attached to the agreements, the diagrams did not fully describe the areas where the appellant was to install laundry equipment, and thus were insufficient to establish a lease.

Moreover, the agreements expired on August 2, 1998, and the appellant did not demonstrate its compliance with General Obligations Law § 5-903 (2).

The appellant's remaining contentions are without merit. Sullivan, J. P., S. Miller, Altman and Friedmann, JJ., concur.