■ Madeline Dempster, Respondent, v Overview Equities, Inc., et al., Defendants, and Island Helicopter Leasing Corp. et al., Appellants. [773 NYS2d 71]—

In an action, inter alia, to recover damages for fraudulent conveyance of real property, the defendants Island Helicopter Leasing Corp. and Rio Manufacturing of Delaware, Inc., appeal from an order of the Supreme Court, Nassau County (Skelos, J.), entered August 15, 2002, which granted the plaintiff's motion for summary judgment on the first, third, and sixth causes of action.

Ordered that the order is affirmed, with costs.

The plaintiff, Madeline Dempster, was divorced from the defendant George Dempster (hereinafter the defendant) by judgment dated May 22, 1992. On appeal, the judgment of divorce was modified and the matter was remitted to the trial court for valuation of certain of the defendant's closely-held businesses for purposes of equitable distribution. As a result of the valuation trial, the plaintiff was awarded additional amounts based on the value of the defendant's businesses, which were included in an amended judgment of divorce. Thereafter, the plaintiff sought to enforce the amended judgment of divorce, resulting in two judgments in her favor in the sums of $3,194,484 and $283,383.57, respectively.

The transactions which give rise to the present lawsuit occurred in the summer of 1995. On June 29, 1995, just weeks before the valuation trial, the defendant transferred title of his residence to the defendant Overview Equities, Inc. (hereinafter Overview). Two days earlier, on June 27, 1995, Overview was created by the filing of a Certificate of Incorporation with the Secretary of the State of Delaware. Thereafter, on August 4, 1995, the defendant confessed judgments in favor of the defendant Island Helicopter Leasing Corp. (hereinafter Island) for $1,181,364.50 and in favor of the defendant Rio Manufacturing of Delaware, Inc. (hereinafter Rio), for $291,998.24. The Island confession was purportedly in exchange for a promissory note executed by the defendant on August 1, 1983, in exchange for an $800,000 construction loan from Island. The Rio confession was purportedly in exchange for a promissory note executed by the defendant on January 2, 1984, in exchange for a $200,000 construction loan from Rio. On the same day that the defendant confessed judgment in favor of Island and Rio, Overview separately confessed judgment in favor of Island for $1,181,364.50 and in favor of Rio for $291,998.24.

On April 14, 1999, Overview filed a Chapter 11 bankruptcy

petition in the United States District Court for the Eastern District of New York. The defendant's residence was listed as an asset of the corporation and was approved for sale. All net proceeds from the sale of this property, which totaled over $1 million, were placed in an escrow account. The net proceeds are the subject of this action.

The complaint in this action seeks, inter alia, to recover damages for fraudulent conveyance of real property. The first cause of action seeks recovery based on the alleged fraudulent conveyance of the defendant's residence to Overview in violation of Debtor and Creditor Law § 273-a. The third cause of action alleges the fraudulent conveyance of the defendant's residence to Overview in violation of Debtor and Creditor Law § 276. The sixth cause of action alleges that the confessions of judgment provided to Island and Rio from the defendant were entered into with the intent to defraud the plaintiff and hinder the collection of her judgments against the defendant in violation of Debtor and Creditor Law § 276. The Supreme Court granted the plaintiff's motion for summary judgment. We affirm.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law offering sufficient evidence to demonstrate the absence of any triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). The plaintiff demonstrated the absence of any triable issue of fact with respect to her claims pursuant to Debtor and Creditor Law §§ 273-a and 276. Therefore, the motion was sufficient to make out a prima facie case for summary judgment (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York, supra*). In opposition, the defendant failed to raise a triable issue of fact.

The plaintiff established her cause of action pursuant to Debtor and Creditor Law § 273-a by proving that the conveyance of the defendant's residence was made without fair consideration, a judgment was docketed against the defendant, and the defendant failed to satisfy the judgment (*see Taylor-Outten v Taylor,* 248 AD2d 934 [1998]). With respect to the element of fair consideration, the deed itself reflects that no money was paid for the defendant's residence. Notwithstanding this fact, the appellants contend that extinguishing an antecedent debt constituted fair consideration for the transfer. The Supreme Court properly determined that, even assuming that the Island and Rio notes were valid, at the time of the transfer, they had expired and therefore were unenforceable (*see Matter of Friedgood,* 137 AD2d 688 [1988]). Consequently, the notes

could not serve as fair consideration and summary judgment was properly granted on the plaintiff's first cause of action (*see Interpool Ltd. v Patterson,* 890 F Supp 259 [1995]).

The plaintiff also established a prima facie case of entitlement to summary judgment on her third and sixth causes of action pursuant to Debtor and Creditor Law § 276. Debtor and Creditor Law § 276 provides that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Moreover, "[d]irect evidence of fraudulent intent is often elusive. Therefore, courts will consider 'badges of fraud' which are circumstances that accompany fraudulent transfers so commonly that their presence gives rise to an inference of intent" (*Pen Pak Corp. v LaSalle Natl. Bank of Chicago,* 240 AD2d 384, 386 [1997], quoting *MFS/Sun Life Trust-High Yield Series v Van Dusen Airport Servs. Co.,* 910 F Supp 913, 935 [1995]). Badges of fraud include (1) the close relationship among the parties to the transaction, (2) the inadequacy of the consideration, (3) the transferor's knowledge of the creditor's claims, or claims so likely to arise as to be certain, and the transferor's inability to pay them, and (4) the retention of control of property by the transferor after the conveyance (*see Pen Pak Corp. v LaSalle Natl. Bank of Chicago, supra*).

The circumstances surrounding the transfer of the defendant's residence are replete with "badges of fraud." Overview was created just two days before the transfer, the transfer was made just before the valuation trial to value the defendant's business interests for equitable distribution purposes, the valuation trial could have rendered the residence a valid target of equitable distribution, and Overview was a corporation operating out of the same address as the defendant's other business concerns. The appellants failed to rebut this prima facie showing of actual fraud. Thus, summary judgment was properly granted on the plaintiff's third and sixth causes of action.

The appellants' contention that the doctrines of collateral estoppel and res judicata bar the Supreme Court from relitigating the issue of whether the Island and Rio notes were fair consideration is without merit. This issue was not decided in the prior matrimonial action. During the matrimonial action, the Island and Rio notes were examined in the context of the valuation trial for the purpose of equitable distribution. In this case, the Supreme Court examined the Island and Rio notes for the purpose of determining whether "badges of fraud" and lack of consideration existed at the time of the transfer. Therefore,

no identity of issues exists such that the doctrines of collateral estoppel (*see Kaufman v Eli Lilly & Co.,* 65 NY2d 449 [1985]), or res judicata (*see O'Brien v City of Syracuse,* 54 NY2d 353 [1981]) apply.

The appellants' remaining contentions are without merit. Smith, J.P., Luciano, H. Miller and Townes, JJ., concur.