■ CITIBANK, N.A., Respondent, v PETER PLAGAKIS et al., Defendants. JOHN BOUZAS, Proposed Intervenor-Appellant. [779 NYS2d 576]—

In an action, inter alia, to foreclose a mortgage on real property, John Bouzas appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Queens County (Milano, J.), dated June 25, 2002, as denied his motion for leave to intervene as a party defendant, and (2) an order of the same court (Thomas, J.), dated February 11, 2003, as denied his motion, in effect, for leave to reargue his prior motion for leave to intervene and as granted that branch of the plaintiff's cross motion which was, in effect, for summary judgment declaring null and void a certain quitclaim deed dated December 1, 2000, purporting to transfer title to the real property to him.

Ordered that the appeal from so much of the order dated February 11, 2003, as denied the motion of John Bouzas, in effect, for leave to reargue his prior motion for leave to intervene is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 25, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated February 11, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by John Bouzas.

The plaintiff held a mortgage on certain real property owned by the defendant mortgagor Peter Plagakis (hereinafter Plagakis). It commenced the instant action to foreclose that mortgage. Plagakis did not answer the complaint, and a judg-

ment of foreclosure was entered upon his default. After judgment was entered, John Bouzas moved for leave to intervene as a party defendant. He contended that prior to the commencement of this action Plagakis had conveyed title to him of the property by a quitclaim deed. The Supreme Court denied Bouzas's motion, and later determined that the quitclaim deed was null and void. We agree.

The plaintiff established that Plagakis conveyed title to Bouzas at a time when Plagakis was insolvent (*see* Debtor and Creditor Law § 273; *Joslin v Lopez,* 309 AD2d 837, 838 [2003]). The plaintiff also established the following indicia of Plagakis's fraudulent intent: (1) at the time of transfer, Plagakis knew that he owed a substantial debt to the plaintiff, (2) the real property was the only asset he owned sufficient to satisfy the debt, (3) there was no consideration for the transfer, (4) the transfer was made in violation of the terms of the mortgage, and (5) Plagakis and Bouzas shared the same real estate attorney (*see* Debtor and Creditor Law § 276; *Matter of Steinberg v Levine,* 6 AD3d 620 [2004]; *Dempster v Overview Equities,* 4 AD3d 495, 498 [2004]; *Pen Pak Corp. v LaSalle Natl. Bank of Chicago,* 240 AD2d 384, 386 [1997]; *cf. Matter of Shelly v Doe,* 249 AD2d 756, 758 [1998]). The plaintiff thus established its entitlement to judgment as a matter of law declaring that the quitclaim deed effected a fraudulent conveyance and was null and void (*see* Debtor and Creditor Law §§ 273, 276; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Dempster v Overview Equities, supra).* In opposition to that branch of the plaintiff's cross motion which was for summary judgment declaring the quitclaim deed null and void, Bouzas failed to raise a triable issue of fact, and his assertion that he gave consideration for the deed was "patently incredible" as a matter of law (*SRF Bldrs. Capital Corp. v Ventura,* 224 AD2d 678, 679 [1996]; *see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

Accordingly, Bouzas does not have a real or substantial interest in either the real property or the outcome of this litigation (*see Sieger v Sieger,* 297 AD2d 33, 36 [2002]; *Perl v Aspromonte Realty Corp.,* 143 AD2d 824 [1988]), and there was no basis to grant leave to intervene to Bouzas as a party defendant (*see* CPLR 1012 [a] [3]; *cf. Berry v St. Peter's Hosp. of City of Albany,* 250 AD2d 63, 69 [1998]; *Perl v Aspromonte Realty Corp., supra;* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 1014:02; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 1012:5).

The remaining contentions of Bouzas are without merit. Santucci, J.P., Townes, Crane and Spolzino, JJ., concur.