■ DEBRA M. RIZZO, Appellant, v ANTHONY MATTURRO et al., Respondents, et al., Defendants. [779 NYS2d 551]—

In an action, inter alia, to recover for services rendered, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 14, 2003, as granted the motion of the defendants Edgar A. Hirsch III and Susan Fagen Britt, and the separate motion of the defendant Anthony Matturro for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly concluded that the plaintiff was collaterally estopped from asserting her claims, inter alia, to recover for services rendered against the respondents. The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action . . . an issue clearly raised in a prior action . . . and decided against that party" provided that the party has been afforded a full and fair opportunity to contest the issue (*Ryan v New York Tel. Co.,* 62 NY2d 494, 500-501 [1984]; *see Matter of New York Site Dev. Corp. v New York State Dept. of Envtl. Conservation,* 217 AD2d 699 [1995]). The issue of whether the respondents, attorneys who arranged for depositions to be taken on behalf of their clients, can be held liable for court reporter fees was raised and decided against the plaintiff in a prior litigation. Furthermore, the plaintiff was afforded a

full and fair opportunity to contest this issue in the prior lawsuit. Accordingly, the Supreme Court properly granted the motions for summary judgment dismissing the complaint insofar as asserted against the respondents.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Schmidt, Rivera and Lifson, JJ., concur.