SECOND DEPARTMENT, JUNE, 2005

(June 6, 2005)

■ ABALON PRECISION MFG. CORP. et al., Respondents, v FLAIR INTERNATIONAL CORPORATION et al., Appellants, et al., Defendant. [796 NYS2d 171]—

In an action, inter alia, to recover wasted corporate assets and to pierce the corporate veil, the defendants Flair International Corporation, Heather Capital Corporation, Jamie E. Frank, Marcia Frank, Marilyn Willner, and Rita Paleschuck appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated January 6, 2004, as denied those branches of their motion which were for summary judgment dismissing the third cause of action insofar as asserted against them by the plaintiff Abalon Precision Mfg. Corp., and the fourth cause of action insofar as asserted against them and, in effect, denied that branch of their motion which was to dismiss the claim for punitive damages.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the third cause of action alleging waste of corporate assets insofar as asserted by the plaintiff Abalon Precision Mfg. Corp. against the defendants Marcia Frank and Marilyn Willner and substituting therefor a provision granting that branch of the motion, (2) deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the third cause of action insofar as asserted by Abalon Precision Mfg. Corp. against the defendants Flair International Corporation and Heather Capital Corporation based on the alleged fraudulent transfer of assets

by Flair International Corporation to Heather Capital Corporation on June 15, 1997, and substituting therefor a provision granting that branch of the motion, and (3) deleting the provision thereof, in effect, denying that branch of the motion which was to dismiss the claim for punitive damages and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the complaint is dismissed insofar as asserted against the defendants Marcia Frank and Marilyn Willner, and the action against the remaining defendants is severed.

In its third cause of action seeking to recover wasted corporate assets of the defendant Flair International Corporation (hereinafter Flair), the plaintiff Abalon Precision Mfg. Corp. (hereinafter Abalon) did not allege that either the defendants Marcia Frank or Marilyn Willner were officers or directors of Flair. Nor did Abalon submit any evidence, beyond mere speculation, that either of those defendants had knowledge of or benefitted from any wasteful conduct. Accordingly, Abalon's third cause of action should have been dismissed insofar as asserted against both of those defendants (see Business Corporation Law § 720 [a] [1] [B]).

The doctrine of collateral estoppel bars Abalon from asserting in its third cause of action that Flair's transfer of its assets to the defendant Heather Capital on June 15, 1997, was fraudulent. In a prior action, the parties fully litigated the legitimacy of that transfer and the Supreme Court, Suffolk County (Hall, J.), issued two orders finding that transfer not fraudulent. Accordingly, that issue may not be raised again in this action (see Ryan v New York Tel. Co., 62 NY2d 494 [1984]; Rizzo v Matturro, 8 AD3d 646 [2004]).

That branch of the appellants' motion which was to dismiss the claim for punitive damages should have been granted. Even assuming arguendo that Flair's transfer of its assets to Heather Capital on June 15, 1997, was an attempt to avoid creditors, such conduct would not give rise to punitive damages (see James v Powell, 19 NY2d 249 [1967]; Marine Midland Bank v Murkoff, 120 AD2d 122 [1986]).

The appellants' remaining contentions are without merit. Adams, J.P., S. Miller, Crane and Mastro, JJ., concur.