■ CITIBANK, N.A., et al., Respondents, v PETER PLAGAKIS, Defendant, and JOHN BOUZAS et al., Appellants. MICHAEL SIFERIS, Nonparty Appellant. [800 NYS2d 192]—

In an action, inter alia, to foreclose a mortgage, the defendants John Bouzas and Elias Athanasiadis appeal, as limited by the brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated January 8, 2004, as granted the motion of the plaintiff Citibank, N.A., for a writ of assistance directing the sheriff of the City of New York or a marshal of the City of New York to put the plaintiff Young Chang into immediate and exclusive possession of the subject premises, and Michael Siferis and the defendant Elias Athanasiadis appeal from so much of an order of the same court (Dorsa, J.), dated July 1, 2004, as denied those branches of their motion which were (1) for leave for Siferis to intervene as a party defendant, (2) to vacate the writ of assistance and the warrant of eviction issued in connection with the writ, and (3) to stay all proceedings until December 31, 2005.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Citibank, N.A. (hereinafter Citibank), commenced the instant action to foreclose a mortgage securing a loan it gave to the defendant Peter Plagakis. Upon Plagakis' default in answering, the Supreme Court issued a judgment of foreclosure and scheduled a sale of the subject property. The plaintiff Young Chang purchased the property at the sale. Prior to the commencement of this action, Plagakis conveyed the subject property to the defendant John Bouzas. That deed was subsequently set aside as a fraudulent conveyance (*see Citibank, N.A. v Plagakis*, 8 AD3d 604 [2004]). Michael Siferis and defendant Elias Athanasiadis are tenants and, purportedly, occupants of the subject premises pursuant to leases given by Bouzas for a term of five years concluding December 31, 2005. Athanasiadis is a party to this action, having been joined by order dated January 8, 2004, at the request of Young Chang. Siferis is not a party, that branch of his motion which was for leave to intervene having been denied by order dated July 1, 2004. Citibank obtained a writ of assistance directing the removal of Bouzas and Athanasiadis and placing Young Chang into possession of the subject premises.

Under the unique circumstances of this case, the Supreme Court providently granted the writ of assistance. Ordinarily, due process concerns preclude the issuance of a writ of assistance to enforce a foreclosure judgment against a nonparty to

the initial foreclosure action because to do so would deprive the nonparty of the opportunity to be heard before the nonparty's interest in the property is adversely affected (see Matter of SI Bank & Trust v Sheriff of City of N.Y., 300 AD2d 667 [2002]; Nationwide Assoc. v Brunne, 216 AD2d 547 [1995]; County Fed. Sav. & Loan Assn. v First Pa. Realty Corp., 29 AD2d 675 [1968], affd 23 NY2d 680 [1968]). Here, however, the appellants had no interest in the property that would be protected by their appearance. The deed to Bouzas had already been set aside (see Citibank N.A. v Plagakis, supra). By reason of this fact, Bouzas was not a lawful agent who was authorized to enter into a lease, pursuant to General Obligations Law § 5-703 (2). Thus, the leases made by him to Athanasiadis and Siferis had no validity.

Even without regard to the validity of the conveyance to Bouzas, however, the leases to Athanasiadis and Siferis, which were for a term of five years and were never recorded, were void as a matter of law with respect to Chang (see Real Property Law § 290 [1], [2]; § 291; Hi-Rise Laundry Equip. Corp. v Matrix Props., Inc., 96 AD2d 930 [1983]). Although there is authority for the proposition that the requirement of notice and an opportunity to be heard applies regardless of the legitimacy of the nonparty's interest (see Gibbs v Kinsey, 170 AD2d 1049 [1991]), that authority cannot be read so broadly as to apply where, as here, the lack of legitimacy of the claim is readily apparent.

As a result, the appellants' claims that the writ was issued in violation of their rights to due process of law is without merit and that branch of Siferis' motion which was for leave to intervene was properly denied, since he had no legitimate interest in the action (see Citibank N.A. v Plagakis, supra at 605; Sieger v Sieger, 297 AD2d 33, 36 [2002]; Perl v Aspromonte Realty Corp., 143 AD2d 824, 825 [1988]). Furthermore, Citibank was entitled to seek the writ in this action and was not required to serve a notice to quit pursuant to RPAPL 735 (1) as a prerequisite to the issuance of a writ (see Tri-Land Props., v 115 W. 28th St. Corp., 267 AD2d 142 [1999]).

The appellants' remaining contentions are without merit. Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.