■ CADLE COMPANY, Respondent, v ORGANES ENTERPRISES, INC., et al., Appellants, et al., Defendants. [815 NYS2d 732]—

In an action, inter alia, for declaratory relief and to set aside a transfer of real property as fraudulent, the defendants Organes Enterprises, Inc., Francisco Organes, Migdalia Organes, Betancourt Properties Management Corp., Francisco A. Organes, Orquida Sanso, and Jose Betancourt appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered July 28, 2004, as (a) granted that branch of the plaintiff's motion which was for summary judgment on its causes of action to void a certain deed to real property dated August 17, 2000, and extended the term of a notice of pendency, (b) set down for trial the plaintiff's demand for punitive damages insofar as asserted against the defendants Organes Enterprises, Inc., Francisco Organes, Migdalia Organes, Betancourt Properties Management Corp., Francisco A. Organes, Orquida Sanso, and Jose Betancourt, and (c) denied the cross motion of the defendants Organes Enterprises, Inc., Francisco Organes, Migdalia Organes, Betancourt Properties Management Corp., Francisco A. Organes, Orquida Sanso, and Jose Betancourt for summary judgment dismissing the complaint insofar as asserted against them, and (2) from an order of the same court entered September 8, 2004, which, upon so much of the order entered July 28, 2004, as granted that branch of the plaintiff's motion which was for summary judgment on its causes of action to void the deed, voided the deed.

Ordered that the order entered July 28, 2004 is modified, on the law, by deleting the provision thereof setting down for trial the plaintiff's demand for punitive damages, and substituting therefor a provision striking the plaintiff's demand for punitive damages; as so modified, the order is affirmed insofar as appealed from, and the plaintiff's demand for punitive damages is stricken; and it is further,

Ordered that the order entered September 8, 2004 is affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the deed effected a fraudulent transfer and was null and void and directing the County Clerk of the County of Westchester to mark its records accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff established that the challenged conveyance of real property was made by the defendants Francisco Organes and Migdalia Organes (hereinafter the debtors) to the defendant Betancourt Properties Management Corp. (hereinafter BPMC) without fair consideration (*see* Debtor and Creditor Law § 272) at a time when the debtors were insolvent, and that the real property was the only asset owned by the debtors that was sufficient to satisfy their obligation to the plaintiff (*see* Debtor and Creditor Law §§ 271, 273; *Citibank, N.A. v Plagakis,* 8 AD3d 604 [2004]; *Gallagher v Kirschner,* 220 AD2d 948, 949-950 [1995]; *see also* Debtor and Creditor Law § 275). The plaintiff further established that the debtors were defendants in an action to recover money damages in which it was also a plaintiff, and that a judgment was docketed against them (*see* Debtor and Creditor Law § 273-a; *Dempster v Overview Equities,* 4 AD3d 495 [2004]; *Matter of Mottahedeh v Powerserve Intl.,* 284 AD2d 465, 466 [2001]). In addition, the plaintiff established the following indicia of the fraudulent intent of both the debtors and BPMC: (1) the close relationship between the debtors and BPMC's principal, (2) the inadequacy or absence of consideration, (3) the debtors' knowledge of their debt to the plaintiff and their inability to pay it, (4) the debtors' retention of control of the real property after the conveyance, (5) the fact that the real property was the only asset that the debtors owned sufficient to pay their obligation to the plaintiff, (6) the representation of the debtors and BPMC by the same attorney, and (7) the existence of a pattern or series of transactions or course of conduct after the debtors incurred their obligation to the plaintiff (*see Dempster v Overview Equities, supra* at 498; *see also Skiff-Murray v Murray,* 17 AD3d 807, 810-811 [2005]; *Citibank, N.A. v Plagakis, supra; Matter of Steinberg v Levine,* 6 AD3d 620 [2004]; *Pinto v Pinto,* 308 AD2d 571 [2003]). The plaintiff thus established its entitlement to judgment as a matter of law declaring that the deed effected a fraudulent conveyance and was null and void (*see Citibank, N.A. v Plagakis, supra; Dempster v Overview Equities, supra*). In opposition to that branch of the plaintiff's motion which was for summary judg-

ment declaring the deed null and void, the debtors and BPMC failed to raise a triable issue of fact. The Supreme Court thus properly granted that branch of the plaintiff's motion.

On the other hand, the debtors, BPMC, and the other appellants failed to sustain their burden of establishing their entitlement to judgment as a matter of law dismissing the plaintiff's causes of action which were asserted pursuant to Debtor and Creditor Law §§ 276 and 278 and which sought compensatory damages arising from the fraudulent conveyance (*see Long Is. City Sav. & Loan Assn. v Gottlieb*, 58 NY2d 931 [1983]; *Leone v Sabbatino*, 235 AD2d 460 [1997]; *Brown v Kimmel*, 68 AD2d 896, 897 [1979]; *Gruenebaum v Lissauer*, 185 Misc 718, 730 [1945], *affd* 270 App Div 836 [1946]; *see also United States v Mazzeo*, 306 F Supp 2d 294, 321 [2004]; *cf. Crispino v Greenpoint Mtge. Corp.*, 2 AD3d 478, 479 [2003]; *Joslin v Lopez*, 309 AD2d 837, 838 [2003]). The Supreme Court thus properly denied the cross motion of the debtors, BPMC, and the other appellants for summary judgment dismissing the complaint insofar as asserted against them. Nonetheless, the Supreme Court should have stricken the plaintiff's demand for punitive damages, because even if the challenged conveyance was effected with the intent to avoid creditors, such conduct would not give rise to punitive damages (*see James v Powell*, 19 NY2d 249, 260-261 [1967]; *Abalon Precision Mfg. Corp. v Flair Intl. Corp.*, 19 AD3d 338, 339 [2005]; *Blakeslee v Rabinor*, 182 AD2d 390 [1992]; *Marine Midland Bank v Murkoff*, 120 AD2d 122, 132 [1986]; *Heimbinder v Berkovitz*, 175 Misc 2d 808 [1998], *mod* 263 AD2d 466 [1999]).

The appellants' request to strike the plaintiff's demand for an award of an attorney's fee is raised for the first time on appeal, and is thus not properly before us (*see Gammal v La Casita Milta*, 5 AD3d 630 [2004]; *Sandoval v Juodzevich*, 293 AD2d 595, 595-596 [2002]). In any event, the plaintiff is entitled to an award of an attorney's fee inasmuch as it has established that the appellants have all acted with fraudulent intent (*see* Debtor and Creditor Law § 276-a; *Skiff-Murray v Murray, supra* at 811; *Posner v S. Paul Posner 1976 Irrevocable Family Trust*, 12 AD3d 177, 179 [2004]; *Prudential Farms of Nassau County v Morris*, 286 AD2d 323, 324 [2001]).

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court for the entry of a judgment containing a declaration that the deed is null and void, and a direction to the County Clerk of the County of Westchester to mark its records accordingly (*see Lanza v Wagner*, 11 NY2d 317, 324 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.