*539 OPINION OF THE COURT
Ingrid Joseph, J.
In this tax lien foreclosure proceeding, intervenor, BH 2105 Atlantic LLC (BH2105), the successful bidder at a tax lien foreclosure auction, moves by order to show cause for ejectment, use and occupancy, an accounting of rents, reimbursement for expenses, sequestration of surplus funds, and a writ of assistance. Defendant Glizer Rodriguez, also known as Glizer R. Lozada (Rodriguez), opposes BH2105’s application and cross-moves for reconsideration and rescindment of a prior order.
The plaintiff, NYCTL 1998-1 Trust, commenced this action on June 21, 2002 to foreclose on a 2001 tax lien certificate recorded against the property known as 2103/2105 Atlantic Avenue, Brooklyn, New York (block 1569, lot 1). The court issued an order of reference and judgment of foreclosure and sale on December 20, 2002 and July 14, 2003, respectively. Thereafter, Rodriguez filed multiple bankruptcy cases causing recurrent automatic stays that stalled the public auction sale of the aforesaid property for several years. At the auction that was held on July 14, 2011, BH2105 tendered the winning bid of $370,000 and obtained the referee’s deed on January 26, 2012.
On August 5, 2011, Rodriguez moved by order to show cause to vacate the judgment of foreclosure and sale on jurisdictional grounds and for leave to file a late answer. The court by order dated November 23, 2011 denied that motion. On January 28, 2013, Rodriguez moved to vacate and set aside the auction sale on the ground that BH2105 was an unincorporated entity that did not exist under New York law at the time of auction and thus, lacked capacity to enter a contract or purchase real property. Rodriguez also alleged that the Referee who conducted the sale lacked authority to do so, since the order that designated the Referee to conduct the auction was dated one day after the auction was held. On February 25, 2013, BH2105 filed a cross motion seeking leave to intervene to oppose Rodriguez’s motion. In the June 2013 order, the court granted BH2105’s cross motion to intervene and Rodriguez’s motion to vacate and set aside the auction sale based on the fact that there were issues that negated the validity and fairness of the sale. BH2105 then moved on December 18, 2013 for leave to renew pursuant to CPLR 2221 and submitted additional information in support of that motion, including the auction *540 transcript and an affirmation from the Referee. Since these documents and other evidence quelled the issues raised by Rodriguez, the court by order dated September 30, 2014 (September 2014 order) reinstated the auction sale and referee’s deed.
In support of the instant motion, BH2105 contends that it initiated a holdover proceeding after the closing and gained possession of the premises before the court rendered the June 2013 decision that set aside the auction sale. BH2105 maintains that its possession was interrupted because immediately after receiving the June 2013 order, the defendant forcibly reentered the premises, executed leases with new tenants, and began collecting rental income. BH2105 claims that Rodriguez has retained dominion and control of the property since that time despite the fact that the auction sale and deed were reinstated pursuant to the September 2014 order. BH2105 now seeks ejectment within the context of this foreclosure proceeding to obtain possession, a money judgment for use and occupancy, an accounting of rents, and an order directing Rodriguez to turn over rental income. BH2105 also requests that the court issue an order sequestering and staying disposition of surplus funds, now on deposit with the County Clerk, to satisfy the debt that it contends Rodriguez now owes for failing to comply with the September 2014 order.
The arguments in Rodriguez’s opposition to the motion warrant no consideration since those issues have been raised and addressed in prior orders. Furthermore, there is no procedural device in the Civil Practice Law and Rules that permits a party to obtain relief from a prior order via a motion to “reconsider and rescind”; therefore, Rodriguez’s cross motion will be deemed as one to reargue pursuant to CPLR 2221 (d). A motion to reargue requires that a party move for relief within 30 days after service of a copy of the order determining the prior motion with written notice of its entry (CPLR 2221 [d]; Selletti v Liotti, 45 AD3d 668 [2d Dept 2007]). In this case, BH2105 served a copy of the September 2014 order on Rodriguez with notice of entry on or about October 31, 2014. Rodriguez filed the instant cross motion on or about January 15, 2015, more than 30 days thereafter. Consequently, the cross motion is denied as untimely.
The only issue before the court is whether BH2105 can recover any or all of the requested remedies and relief it seeks within the context of this foreclosure proceeding.
*541 It should be noted at the outset that ejectment is not a remedy. Rather, it is a cause of action that is provided for under article 6 of the Real Property Actions and Proceedings Law (see Marini v Lombardo, 79 AD3d 932, 934 [2d Dept 2010]; Alleyne v Townsley, 110 AD2d 674 [2d Dept 1985]). The June 2013 order granted BH2105’s request for leave to intervene in this matter to oppose the defendant’s motion to vacate and set aside the auction sale. Neither BH2105’s request to intervene nor the order permitting such intervention contemplated the interposition of new causes of action. As such, BH2105 is not a third-party complainant nor has BH2105 filed any cross claims herein. For that reason, BH2105’s ejectment claim is not viable within the context of this proceeding. BH2105 must pursue ejectment in an independent action to recover possession from individuals not named in this action or to pursue damages for use and occupancy and mesne profits from Rodriguez (RPAPL 601 et seq.; Fowler v Bowery Sav. Bank, 113 NY 450 [1889]; Marini v Lombardo, 79 AD3d 932 [2d Dept 2010]). Thus, that branch of BH2105’s motion seeking ejectment and the scope of remedies provided in an ejectment action is denied.
A writ of assistance is addressed to the sound discretion of the court (Wilbor v Danolds, 59 NY 657 [1875]; Niman v Niman, 269 App Div 675 [2d Dept 1945]; and see Cevasco v Alexander Gazzola Realty Co., Inc., 197 NYS 94 [Sup Ct, NY County, Special Term 1922]). A writ pursuant to RPAPL 221 may be granted to the purchaser of property sold at a foreclosure auction when a party to the action withholds possession. According to Behrooz Benyamini, a member of BH2105, the defendant resumed occupancy after the June 2013 order and has rented commercial and residential space in the building to multiple individuals. The fact that these occupants are unknown to the court and have not been joined in this action raises due process concerns, because those individuals have not been noticed or given an opportunity to be heard (see Matter of SI Bank & Trust v Sheriff of City of N.Y., 300 AD2d 667 [2d Dept 2002]; Nationwide Assoc. v Brunne, 216 AD2d 547 [2d Dept 1995]; Gibbs v Kinsey, 170 AD2d 1049 [4th Dept 1991]; County Fed. Sav. & Loan Assn. v First Pa. Realty Corp., 29 AD2d 675 [2d Dept 1968]). The Appellate Division, Second Department, in Citibank, N.A. v Plagakis (21 AD3d 393 [2d Dept 2005]), upheld a court’s issuance of a writ of assistance despite the fact that one of the tenants had not been noticed or given an opportunity to be heard, but the facts of Plagakis are *542 distinguishable from those present in this case. In Plagakis, the defendant mortgagee conveyed the property that was subject to foreclosure to a third party prior to the foreclosure proceeding who then leased the premises to two individuals (Citibank, N.A. v Plagakis, 21 AD3d 393 [2d Dept 2005]). Upon Plagakis’ default in answering, the Supreme Court issued a judgment of foreclosure and scheduled a sale of the property. After the property was sold at auction, the court issued a writ of assistance that directed removal of the tenants although only one had been properly served and joined as a party to the underlying foreclosure proceeding {id.). The tenants appealed and the individual tenant who had not been served claimed that the writ violated his right to due process since, as a party to the lease, he had a property interest in the premises {id.). The court found that the tenant’s argument lacked merit because the deed that conveyed the property from the homeowner-mortgagee to the third-party buyer was invalid and therefore, so was the lease.
In this case, Rodriguez and several other unknown individuals now occupy the subject property. According to Benyamini, Rodriguez reentered the premises and leased space to other individuals during the period in which her title interest had been restored. As a result, it cannot be said that the leases Rodriguez executed, if any, are void, or that the occupants now in possession have no property interests to protect. Additionally, the identity of those individuals is unknown to the court and none of them have been afforded an opportunity to be heard. Consequently, the court finds that a writ directing their removal is inappropriate. On the other hand, the court finds that BH2105 has demonstrated that the September 2014 order was duly served upon Rodriguez and that BH2105 has demanded possession of the premises from Rodriguez. Therefore, the court in its discretion finds that BH2105 has demonstrated entitlement to a writ of assistance against Rodriguez to enforce the judgment of foreclosure and sale dated July 14, 2003 as well as the decision and order dated September 30, 2014.
Lastly, the court finds unavailing BH2105’s arguments for sequestration and an injunction. Surplus funds derived from a foreclosure sale stand in the place of the real property (NYCTL 1999-1 Trust v NY Pride Holdings, Inc., 68 AD3d 952 [2d Dept 2009]; Chase Manhattan Mtge. Corp. v Hall, 18 AD3d 413 [2d Dept 2005]). The surplus takes the place of the equity of redemption and only one who had a preexisting interest *543 upon the land is entitled to share in proceeds from the auction sale with priority in each creditor determined by the filing date of his judgment or lien (Emigrant Mtge. Co., Inc. v Biggio, 110 AD3d 673, 674 [2d Dept 2013]). In the case at bar, BH2105 is neither a lien holder nor a judgment debtor. BH2105’s equitable interest came into existence when it tendered the winning bid and requisite deposit at the auction on July 14, 2011. That interest matured into title ownership when BH2105 closed on the property on January 24, 2012. It is established that there is a surplus of approximately $315,000 on deposit with the County Clerk; however, there is no legal basis for this court to sequester those funds, or issue an injunction to secure satisfaction of a judgment that BH2105 anticipates it will obtain against Rodriguez.
Accordingly, it is hereby ordered that the branch of BH 2105 Atlantic LLC’s application seeking ejectment, use and occupancy, an accounting of rents, reimbursement for expenses, sequestration of surplus funds, and an injunction is denied; and it is further ordered that the branch of intervenor BH 2105 Atlantic LLC’s order to show cause seeking a writ of assistance to acquire possession of the premises known as 2103/ 2105 Atlantic Avenue, Brooklyn, New York (block 1569, lot 1) is granted with respect to defendant Glizer Rodriguez, also known as Glizer R. Lozada, and it is further ordered that defendant Glizer Rodriguez’s cross motion is denied in its entirety.