Monitor Holding Corp. v I. B. Distrib. Corp. (2020 NY Slip Op 08057)





Monitor Holding Corp. v I. B. Distrib. Corp.


2020 NY Slip Op 08057


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-00387
 (Index No. 102/16)

[*1]Monitor Holding Corp., appellant,
v I. B. Distributing Corp., et al., respondents.


Goldman, Horowitz & Cherno, LLP, Jericho, NY (Steven D. Greif of counsel), for appellant.
Paskoff & Tamber, LLP, New York, NY (Adam Paskoff of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to set aside a conveyance as fraudulent pursuant to Debtor and Creditor Law article 10, the plaintiff appeals from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered August 25, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on so much of the first cause of action as alleged a violation of Business Corporation Law § 720, and denied those branches of the plaintiff's motion which were for summary judgment on the second, third, fourth, fifth, eighth, ninth, and tenth causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff leased certain premises located in Elmhurst to the defendant I. B. Distributing Corp. (hereinafter I.B.) for a period of 10 years, from January 1, 2001, to December 31, 2010. In or around December of 2009, I.B. defaulted on its obligations under the lease, and on or about January 19, 2010, the plaintiff obtained a default judgment of eviction against I.B. (hereinafter the 2010 judgment). The 2010 judgment also awarded the plaintiff money damages in the sum of $58,519.
Thereafter, the plaintiff commenced another action against I.B. for the remainder of the rent due under the lease. On October 8, 2015, a judgment was entered in favor of the plaintiff in the total sum of $142,952.40 (hereinafter the 2015 judgment).
On January 7, 2016, the plaintiff commenced this action against I.B., the I.B. Distributing Corp. Defined Benefit Pension Plan (hereinafter the Plan), as well as against the defendants Frank Iemmiti, Salvatore Iemmiti, Anthony Iemmiti, and Victor Iemmiti (hereinafter collectively the individual defendants). The plaintiff alleged that I.B., through the actions of the individual defendants, fraudulently conveyed corporate assets into the Plan, instead of satisfying the debts that I.B. owed to the plaintiff pursuant to the 2010 judgment and the 2015 judgment. The complaint sought monetary and declaratory relief pursuant to Debtor and Creditor Law and Business Corporation Law, among other things. After issue was joined, the plaintiff moved for summary judgment on the complaint. In an order entered August 25, 2017, the Supreme Court denied the motion, finding that triable issues of fact precluded such an award. The plaintiff appeals.
A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence in admissible form to demonstrate the absence of a triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320). Failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"The Debtor and Creditor Law renders certain conveyances of assets void as to creditors" (Planned Consumer Mktg. v Coats & Clark, 71 NY2d 442, 450). While the statute was amended in 2020, the former version applies here. Debtor and Creditor Law former § 273 provided that "[e]very conveyance made . . . by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to . . . actual intent if the conveyance was made without . . . fair consideration." Pursuant to Debtor and Creditor Law former § 273-a, "[e]very conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him [or her], is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment." Pursuant to Debtor and Creditor Law former § 276, "[e]very conveyance made . . . with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Debtor and Creditor Law former § 278 provided that "[w]here a conveyance . . . is fraudulent as to a creditor, such creditor, when his [or her] claim has matured," may have the conveyance set aside "as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase."
Further, "Business Corporation Law § 720 enables a judgment creditor of a corporation to bring an action against a director or officer '[t]o set aside an unlawful conveyance, assignment or transfer of corporate assets, where the transferee knew of its unlawfulness'" (Planned Consumer Mktg. v Coats & Clark, 71 NY2d at 451, quoting Business Corporation Law § 720).
Here, the plaintiff failed to establish, prima facie, its entitlement to summary judgment on its causes of action pursuant to the above-cited sections of the applicable version of the Debtor and Creditor Law and the Business Corporation Law. The plaintiff failed to establish that the funds deposited in the underfunded Plan were corporate assets in the first instance, that such funds were deposited without fair consideration, that the individual defendants made such deposits with the actual intent to defraud the plaintiff, or that the individual defendants made such deposits unlawfully. The plaintiff further failed to establish its entitlement to satisfaction of the 2015 judgment from such funds, as the corresponding action which resulted in the 2015 judgment was commenced after such funds were deposited into the Plan.
This Court declines to consider the arguments presented for the first time in the reply affidavit the plaintiff submitted in further support of its motion (see St. John's Univ. v Butler Rogers Baskett Architects, P.C., 105 AD3d 728, 728).
While the record supports a finding that the transactions at issue bear some circumstantial indicia of fraud, the evidence submitted in support of the plaintiff's motion fails to rise to the level that would support an inference of intent (cf. Dempster v Overview Equities, 4 AD3d 495).
Since the plaintiff failed to meet its prima facie burden, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
In light of our determination, we need not reach the plaintiff's remaining contentions.
MASTRO, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court