Diaz v 297 Schaefer St. Realty Corp. (2021 NY Slip Op 03825)





Diaz v 297 Schaefer St. Realty Corp.


2021 NY Slip Op 03825


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-09507
 (Index No. 6348/15)

[*1]Miguelis Diaz, etc., appellant, 
v
297 Schaefer Street Realty Corp., et al., respondents.


The Fitzgerald Law Firm, P.C., Yonkers, NY (John M. Daly and Daniel Sully of counsel), for appellant.
Avrom R. Vann P.C., New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to set aside certain conveyances of real property as fraudulent pursuant to former section 273-a of the Debtor and Creditor Law, which was in effect at the time of the conveyances, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated May 11, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the first cause of action to the extent that it seeks to set aside certain conveyances of real property as fraudulent pursuant to former section 273-a of the Debtor and Creditor Law, and, in effect, denied that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the affirmative defenses pertaining to Debtor and Creditor Law former § 273-a.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the first cause of action to the extent that it seeks to set aside certain conveyances of real property as fraudulent pursuant to Debtor and Creditor Law former § 273-a and pursuant to CPLR 3211(b) to dismiss the affirmative defenses pertaining to Debtor and Creditor Law former § 273-a are granted.
In May 2015, the plaintiff commenced this action, inter alia, to set aside certain conveyances of real property pursuant to Debtor and Creditor Law § 273-a (repealed eff Apr. 4, 2020 [L 2019, ch 580, § 2]). The plaintiff alleged that the defendant 297 Schaefer Street Realty Corp. (hereinafter Schaefer Street Realty) and the defendant Abe Rubin, a principal of Schaefer Street Realty, conveyed certain properties owned by Schaefer Street Realty to the defendant Zev Gold, LLC (hereinafter the LLC), which thereafter conveyed the properties to the defendant Zev Gold, Inc. (hereinafter Zev Gold), for no consideration after the plaintiff had commenced a personal injury action against, among others, Schaefer Street Realty and Rubin in 2003 on behalf of her infant daughter (hereinafter the underlying action). Specifically, the plaintiff alleged that, on January 29, 2004, after she commenced the underlying action six months earlier, Rubin executed documents transferring properties owned by Schaefer Street Realty to the LLC, another company of which Rubin was the principal, and that Rubin executed the transfer documents as both grantor and grantee. According to the plaintiff, the properties were thereafter purportedly transferred again from the LLC [*2]to Zev Gold—both companies in which Rubin was the principal—and in 2006, from Zev Gold to the defendant Jim Baum Corp., another company of which Rubin was the principal, and Rubin again executed the transfer documents as both grantor and grantee. The transfers were alternatively described as being made for 0 dollars or for the nominal fee of 10 dollars. The plaintiff alleged that, in February 2012, a judgment in the underlying action was entered in favor of the plaintiff and against Schaefer Street Realty and Rubin in the sum of $2,036,815. According to the plaintiff, that judgment was never paid.
After the defendants interposed their answer and asserted various affirmative defenses, the plaintiff moved, among other things, for summary judgment on the first cause of action to the extent that it seeks to set aside the alleged fraudulent conveyances pursuant to Debtor and Creditor Law former § 273-a, and pursuant to CPLR 3211(b) to dismiss the defendants' affirmative defenses. In an order dated May 11, 2018, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the first cause of action pursuant to former section 273-a of the Debtor and Creditor Law and, in effect, denied that branch of the motion which was to dismiss the defendants' affirmative defenses. The plaintiff appeals.
The Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action to the extent that it seeks to set aside the conveyances as fraudulent pursuant to former section 273-a of the Debtor and Creditor Law. The version of section 273-a that was in effect at the time of the conveyances at issue provided that "[e]very conveyance made without [a] fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him [or her], is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment" (Debtor and Creditor Law former § 273-a). Thus, to establish a cause of action for violation of former section 273-a, the plaintiff was required to prove the following three elements: "(1) that the conveyance was made without fair consideration; (2) that the conveyor is a defendant in an action for money damages or that a judgment in such action has been docketed against him, and (3) that defendant has failed to satisfy the judgment" (Taylor-Outten v Taylor, 248 AD2d 934, 935 [internal quotation marks omitted]; see Dempster v Overview Equities, 4 AD3d 495, 497).
Here, in support of her motion, the plaintiff submitted, inter alia, a copy of the deed and transfer documents regarding the properties at issue, which demonstrated that conveyances of the properties were made after the underlying action was commenced and without fair consideration. The plaintiff also submitted evidence that a judgment was docketed against Schaefer Street Realty and Rubin and that they failed to satisfy the judgment. With respect to the element of fair consideration, the deed and transfer documents reflect that no money or a nominal fee of ten dollars was paid for the defendants' properties. Therefore, the plaintiff established her prima facie entitlement to summary judgment on the first cause of action to the extent that it seeks to set aside the conveyances of the properties pursuant to former section 273-a of the Debtor and Creditor Law (see Tudor & Son Gen. Contr., Inc., v Kandov, 190 AD3d 781; Dempster v Overview Equities, 4 AD3d at 497-498). In opposition, the defendants failed to raise a triable issue of fact (see Coyle v Lefkowitz, 89 AD3d 1054 1057; Dempster v Overview Equities, 4 AD3d at 497).
The Supreme Court also should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the affirmative defenses insofar as the affirmative defenses pertain to Debtor and Creditor Law former § 273-a. CPLR 3211(b) authorizes a plaintiff to move to dismiss a defendant's affirmative defense on the ground that it is without merit (see Coyle v Lefkowitz, 89 AD3d at 1055). "[W]here affirmative defenses 'merely plead conclusions of law without any supporting facts,' the affirmative defenses should be dismissed pursuant to CPLR 3211(b)" (Bank of Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 750, quoting Firemans Fund Ins, Co. v Farrell, 57 AD3d 721, 723). Here, the affirmative defenses at issue on appeal proffered no supporting facts and merely pleaded conclusions of law. Accordingly, they should have been dismissed insofar as they pertain to Debtor and Creditor Law former § 273-a.
The defendants' remaining contentions are either not properly before this Court or [*3]without merit.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court