Goshen Mtge., LLC v Cumberbatch (2023 NY Slip Op 04365)

Goshen Mtge., LLC v Cumberbatch

2023 NY Slip Op 04365

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-09199
 (Index No. 2881/14)

[*1]Goshen Mortgage, LLC, etc., plaintiff,
v
Colyn Cumberbatch, et al., defendants; Lycan Capital Fund I, LLC, nonparty-appellant.

Menashe & Lapa, LLP, Montebello, NY (Chezki Menashe of counsel), for nonparty-appellant.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Lycan Capital Fund I, LLC, as successor in interest to the plaintiff, appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered November 22, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was, in effect, pursuant to RPAPL 221 for a writ of assistance to put the plaintiff into possession of the mortgaged premises.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this action to foreclose a mortgage, on March 28, 2018, a judgment of foreclosure and sale was entered in favor of the plaintiff, inter alia, directing the foreclosure sale of the subject property. Thereafter, the plaintiff assigned the subject mortgage to nonparty Lycan Capital Fund I, LLC (hereinafter Lycan). Lycan was the successful bidder at the subsequent foreclosure sale. In June 2020, Lycan served a 10-day notice to quit and a copy of the referee's deed on the unknown occupants of the subject premises, who were not parties to the foreclosure action. Thereafter, the plaintiff moved, among other things, in effect, pursuant to RPAPL 221 for a writ of assistance to put the plaintiff into possession of the mortgaged premises. In an order entered November 12, 2021, the Supreme Court, inter alia, denied that branch of the plaintiff's motion. Lycan appeals.
"Due process requires that one be given notice and an opportunity to be heard before one's interest in property may be adversely affected by judicial process. Enforcement of the writ of assistance against one who was not joined as a party to the proceeding would violate due process" (Nationwide Assoc. v Brunne, 216 AD2d 547, 547; see Citibank, N.A. v Plagakis, 21 AD3d 393, 394-395). Based on the limited record before us, the Supreme Court properly denied that branch of the plaintiff's motion which was for a writ of assistance, since the plaintiff failed to commence a special proceeding against the occupants, who were not parties to the foreclosure action (see Gibbs v Kinsey, 170 AD2d 1049; see also Citibank, N.A. v Plagakis, 21 AD3d at 395).
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court