■ EDWARD S. GIBBS, Respondent, v JESSE M. KINSEY, Appellant.—Order unanimously affirmed without costs. Memorandum: Due process requires that one be given notice and an opportunity to be heard before one's interest in property may be adversely affected by judicial process. Here, the relief sought by Kinsey would violate that rule insofar as he seeks to enforce the writ of assistance against Bey, who was not joined as a party to the proceeding *(see, County Fed. Sav. & Loan Assn. v First Pa. Realty Corp.,* 29 AD2d 675, *affd* 23 NY2d 680). Even if Bey has no legitimate interest in the property, Kinsey cannot evict her without commencing an eviction action or a summary holdover proceeding against her *(see,* RPAPL 631, 635, 641, 713 [3]; 721 [6]; *see generally,* 13 Carmody-Wait 2d, NY Prac §§ 89:46, 89:48, 89:98; 14 Carmody-Wait 2d, NY Prac §§ 90:149, 90:298). Thus, the court properly vacated the writ of assistance on the motion of Bey, who was not served in the action. (Appeal from Order of Supreme Court, Kings County, Levine, J.—Motion To Vacate.) Present —Denman, J. P., Green, Balio, Davis and Lowery, JJ.