OPINION OF THE COURT
Irving S. Aronin, J.
Marco Berry, a tenant of the basement premises at 108 St. James Place, Brooklyn, New York, moves pursuant to CPLR *477 5015 for an order staying the Sheriff from executing a writ of assistance against him or any member of his household.
The facts preceding this litigation follow. Plaintiff, Green Point Savings Bank (Green Point), commenced a foreclosure proceeding in August 1990 against Maurice E. Defour, owner of 108 St. James Place, Brooklyn. On or about February 16, 1991, Berry entered into a one-year lease for a basement apartment at the subject premises with Maurice E. Defour. Berry alleges that the landlord did not inform him of the foreclosure proceedings at the time he executed the lease or at any subsequent time. Approximately IV2 years later, on September 11, 1992, this court entered a judgment of foreclosure and sale. Berry alleges that neither the judgment nor the caption include any reference to him or his family, nor was he served with a copy of the judgment of foreclosure and sale. On or about November 30, 1992, Green Point was the successful bidder for the subject building at the auction sale. Thereafter, on December 9, 1992, Green Point "assigned the bid” for the building to Neerg Corp. Berry states that he was served with a copy of the notice to vacate by Green Point on December 26, 1992, which was addressed "To: 108 St. James Place, Brooklyn, New York 11238 and all other occupants and or tenants.” Green Point then moved this court by motion dated March 25, 1993 for a writ of assistance. Berry appeared in court pro se on June 22, 1993 on the adjourned date of the motion. The case was called during the brief interval he stepped out to the lavatory, he alleges, and a default was entered against him. By order dated August 24, 1993 this court granted Green Point’s motion for a writ of assistance and stayed execution of the writ until October 1, 1993. On October 8, 1993 Neerg sold the building (it had purchased from Green Point in December 1992) to Gloria Morales, who is the current owner of the building. In early January 1994 Berry received a notice of eviction from the Sheriff of New York City stating that the eviction is scheduled for January 27, 1994. The notice contains the caption of the foreclosure proceeding and lists only the name of the former owner "Maurice Defour” as tenant, respondent, defendant.
Berry argues that the judgment of foreclosure and sale is effective only against those entities named, served and joined in the proceeding, i.e., the entities and persons whose names appear in the caption. The judgment is not effective against Marco Berry and his family since he was not joined as a party.
*478 In opposition, Green Point states that shortly after it commenced the foreclosure proceeding in September 1990, it also filed a notice of pendency which was prior to Berry’s tenancy. Therefore, it argues, anyone who acquired an interest in the premises subsequent to filing of the lis pendens is bound to the proceedings as if they were made a party from its commencement (Grid Realty Corp. v Winokur, 43 NY2d 956, 957). In addition, Green Point maintains, any interest arising subsequent to the filing is extinguished by the foreclosure (Westchester Fed. Sav. & Loan Assn. v H.E.W. Constr. Corp., 29 AD2d 670, 671). However, neither of these cases involved a lessee, as here, and therefore, neither case is relevant to the facts at bar.
In Green Point Sav. Bank v Leselrod (NYLJ, July 31, 1991, at 25, col 3 [Sup Ct, Suffolk County]) the tenant entered into possession after the notice of pendency was filed (as here). The court held: "Although it was not incumbent upon plaintiff to join this tenant whose tenancy began after the foreclosure action commenced * * * by not doing so, [the tenant’s] interest is not affected by the judgment of foreclosure and the purchase[r] takes title subject to any rights, title or interest which the tenant is able to establish.”
Similarly, in Gibbs v Kinsey (170 AD2d 1049), the Court declared: "Due process requires that one be given notice and an opportunity to be heard before one’s interest in property may be adversely affected by judicial process. Here, the relief sought by [Green Point] would violate that rule insofar as [it] seeks to enforce the writ of assistance against [Berry], who was not joined as a party to the proceeding (see, County Fed. Sav. & Loan Assn. v First Pa. Realty Corp., 29 AD2d 675, affd 23 NY2d 680). Even if [Berry] has no legitimate interest in the property, [Green Point] cannot evict [him] without commencing an eviction action or a summary holdover proceeding against [him] (see, RPAPL 631, 635, 641, 713 [3]; 721 [6]; see generally, 13 Carmody-Wait 2d, NY Prac §§ 89:46, 89:48, 89:98; 14 Carmody-Wait 2d, NY Prac §§ 90:149, 90:298). Thus, the court properly vacated the writ of assistance on the motion of [Berry], who was not served in the action.”
"The interest of an occupant of the mortgaged premises who is not served remains unaffected by the foreclosure” (Empire Sav. Bank v Towers Co., 54 AD2d 574; see also, Scharaga v Schwartzberg, 149 AD2d 578, 579; Polish Natl. Alliance v White Eagle Hall Co., 98 AD2d 400, 406; Genuth v First Div. *479 Ave. Realty Corp., 88 Misc 2d 586; In re Comcoach Corp., 698 F2d 571, 574).
In the case at bar, "[a]ppellant was not a party to this [mortgage foreclosure] action and, accordingly, is not bound by the judgment. Hence, it was error for the court to direct the Sheriff to put plaintiff into possession under section 221 of the Real Property Actions and Proceedings Law” (County Fed. Sav. & Loan Assn. v First Pa. Realty Corp., 29 AD2d 675, 676, supra).
Accordingly, the writ of assistance is hereby vacated as against the movant.