OPINION OF THE COURT
Ronni D. Birnbaum, J.
Petitioner brings this holdover proceeding seeking posses *649 sion of the first floor at 114 Dean Street based upon a deed acquired in foreclosure, pursuant to RPAPL 713 (5). The premises consist of a three-family building, for which the multiple dwelling registration (MDR) had expired. Respondent orally moved to dismiss the proceeding on the grounds that no current MDR exists for the premises.
It is well established that a current MDR is a prerequisite for nonpayment proceedings. (See, Multiple Dwelling Law § 325; Matter of Blackgold Realty Corp. v Milne, 69 NY2d 719 [1987].) This requirement has also been held to apply to holdovers brought pursuant to RPAPL 711. (See, Mandel v Pitowsky, 102 Misc 2d 478 [App Term, 1st Dept 1979]; Rosgro Realty Co. v Braynen, 70 Misc 2d 808 [App Term, 1st Dept 1972]; Vidod v Calvin, 19 HCR 121 [Civ Ct, Bronx County 1989]; Manabhal v Talavera, NYLJ, Aug. 18, 1993, at 24, col 3 [Civ Ct, Kings County, Gische, J.].) There is no support for respondent’s contention, however, that the requirement of a MDR be extended to proceedings pursuant to RPAPL 713. Indeed all of the case law requiring MDRs in holdover proceedings were ones in which landlord-tenant relationships did exist.
Administrative Code of the City of New York § 27-2107 (b) states: "An owner who is required to file a statement of registration under this article and who fails to file as required shall be denied the right to recover possession of the premises for nonpayment of rent during the period of noncompliance, and shall, in the discretion of the court, suffer a stay of proceedings to recover rents, during such period. In any action to recover possession under section seven hundred eleven of the real property actions and proceedings law, the owner shall set forth his or her registration number issued by the department, and shall allege that he or she has filed a statement of registration and shall annex a copy of the receipt of such registration to his or her petition.”
Similarly, 22 NYCRR 208.42 (g) requires that allegations of compliance with section 325 of the Multiple Dwelling Law be set forth in petitions for proceedings brought pursuant to RPAPL 711.
There is no mention in either statute that the requirements be extended to proceedings pursuant to RPAPL 713. The legislative purpose behind the Multiple Dwelling Law is to enable tenants and government agencies to readily contact owners or persons responsible for operating multiple dwellings *650 in the event of emergency. (Whitehall Apts. Co. v Zeigler, NYU, Jan. 26, 1993, at 22, col 1 [App Term, 1st Dept].) The intent of the statutes would not be furthered by extending the registration requirements to proceedings where there is no existing landlord-tenant relationship. For example, in the within proceeding, the respondent is the former landlord of the premises who defaulted in the mortgage payments resulting in the foreclosure sale and acquisition of the deed by petitioner, the mortgagee. To bar petitioner from bringing the within action until it registered itself with the building department as "landlord” or "managing agent” responsible for maintenance of the premises so that respondent would be readily able to contact petitioner in event of emergency is well beyond the intent of the statutes.
Respondent has offered no further defense to this proceeding. Accordingly, the court enters a judgment of possession in favor of petitioner. Warrant to issue forthwith, execution stayed for 30 days.