■ NATIONWIDE ASSOCIATES, INC., et al., Appellants, v ELIZABETH BRUNNE, Respondent, et al., Defendants. [629 NYS2d 769] —In an action to foreclose a mortgage on real property, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Werner, J.), dated November 17, 1993, which denied their motion for a writ of assistance, and (2) an order of the same court, dated December 23, 1993, which denied their motion to amend the caption and all prior pleadings in the action to add as party defendants certain occupants of the foreclosed premises.

Ordered that the orders are affirmed, with one bill of costs.

Due process requires that one be given notice and an opportunity to be heard before one's interest in property may be adversely affected by judicial process. Enforcement of the writ of assistance against one who was not joined as a party to the proceeding would violate due process *(see, Gibbs v Kinsey, 170 AD2d 1049*, citing *County Fed. Sav. & Loan Assn. v First Pa. Realty Corp., 29 AD2d 675, affd 23 NY2d 680)*. Further, it is well settled that "[t]he interest of an occupant of the mortgaged premises who is not served remains unaffected by the foreclosure" *(Empire Sav. Bank v Towers Co., 54 AD2d 574; see also, Scharaga v Schwartzberg, 149 AD2d 578, 579; Polish Natl. Alliance v White Eagle Hall Co., 98 AD2d 400, 406; Green Point Sav. Bank v Defour, 162 Misc 2d 476)*. We agree with the Supreme Court that Charles Brunne, a tenant in residency pursuant to a lease agreement that predates the notice of pendency, was not joined as a party to the foreclosure action and hence, he is not bound by the judgment. Further, his wife, the defendant Elizabeth Brunne, who also possesses a leasehold interest in the same property, was not properly served with a summons and complaint until after the entry of the final judgment of foreclosure. Another occupant, Elizabeth Hilfiker, was never served with a summons. Therefore, they are unaffected by the foreclosure.

Moreover, under the facts of this case, the Supreme Court did not improvidently exercise its discretion in denying the

plaintiffs' motion pursuant to CPLR 1001 (a); 1003, 2001, and 3025 (b), to amend the caption and all pleadings in the action to add Charles Brunne and Elizabeth Hilfiker as party defendants and bind them *nunc pro tunc* by the judgment of foreclosure. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.