■ In the Matter of SI BANK & TRUST, Appellant, v SHERIFF OF THE CITY OF NEW YORK, Respondent. [751 NYS2d 794] —In a proceeding pursuant to CPLR article 78 to review a determination of the Sheriff of the City of New York refusing to comply with a foreclosure execution, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Sangiorgio, J.), dated March 15, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Due process requires that one be given notice and an opportunity to be heard before one's interest in property may be adversely affected by judicial process. Enforcement of an execution against one who was not joined as a party to the proceeding would violate due process (*see Nationwide Assoc. v Brunne,* 216 AD2d 547; *Gibbs v Kinsey,* 170 AD2d 1049; *County Fed. Sav. & Loan Assn. v First Pa. Realty Corp.,* 29 AD2d 675, *affd* 23 NY2d 680). Further, it is well settled that "[t]he interest of an occupant of the mortgaged premises who is not served remains unaffected by the foreclosure" (*Nationwide Assoc. v Brunne, supra* at 547 [internal quotation marks omitted]; *Green Point Sav. Bank v Defour,* 162 Misc 2d 476). We agree with the Supreme Court that the occupant of the foreclosed property, who was not joined as a party to the foreclosure action, was not bound by the execution or the judgment of foreclosure. Therefore, the Supreme Court correctly denied the petition and dismissed the proceeding.

The appellant's remaining contentions are without merit. Ritter, J.P., Luciano, Cozier and Rivera, JJ., concur.