OPINION OF THE COURT
Daniel R. Palmieri, J.
In this mortgage foreclosure action, that prong of the motion of nonparty Adam Abdelhamid to intervene is denied, and that prong of the motion which is to vacate as to him the order of possession, dated March 31, 2008, previously issued herein is granted and said order is vacated as to Adam Abdelhamid. All other requests for relief are denied.
Plaintiff mortgagee foreclosed on its mortgage, obtained a judgment of foreclosure and thereafter purchased the mortgaged premises which are known as 2961 Morgan Drive, Wantagh, New York. This action was commenced in 2006 and proposed intervenor became a tenant at the mortgaged premises pursuant to a one-year lease after the filing of a lis pendens and the commencement of this action. Proposed intervenor contends *335 that he is not a defendant, is not bound by the lis pendens, his tenancy may not be affected by the foreclosure, and he may not be evicted pursuant to the terms of this court’s prior order.
The purpose of a notice of pendency, which is authorized by CPLR 6501, is to prevent the acquisition of an interest in the subject matter of the suit, to the prejudice of the plaintiff, because otherwise there would be no end to any suit, the justice of the court would be evaded and great hardship to the suitor would be necessarily introduced (Cayuga Indian Nation of N.Y. v Fox, 544 F Supp 542, 547-548 [ND NY 1982]). Where, as is here, a motion to intervene is made after judgment of foreclosure and after a sale, intervention is not available (Lakeville Mfg. Co. v Herman Homes, 14 AD2d 551 [2d Dept 1961]; La Marche v Rosenblum, 50 AD2d 636 [3d Dept 1975]).
Proposed intervenor contends that his lease is for one year, is not a conveyance which is entitled to recordation under the recording acts (Real Property Law § 290 [3]), and thus, his tenancy obtained after the lis pendens was filed may not be affected because, argues proposed intervenor, the last sentence of CPLR 6501 provides that “[a] person whose conveyance or incumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as [if he were] a party.”
Although some courts have previously adopted this interpretation (see Medford II, LLC v Scope Intl. Inc., 9 Misc 3d 1117[A], 2005 NY Slip Op 51620[U] [Suffolk Dist Ct 2005]; Green Point Sav. Bank v Defour, 162 Misc 2d 476 [Sup Ct, Kings County 1994]), to do so does violence to the statutory scheme designed to afford protection to those plaintiffs who are entitled to the rights afforded to them by the filing of a lis pendens and carves out a separate niche for a tenancy created after the filing of a lis pendens where none seems to have been intended by the legislature.
In order to terminate the interest of one who is an occupant of a property prior to the foreclosure, that occupant must be named as a defendant and if not so named, the tenancy survives the foreclosure (Matter of SI Bank & Trust v Sheriff of City of N.Y., 300 AD2d 667 [2d Dept 2002]; Nationwide Assoc. v Brunne, 216 AD2d 547 [2d Dept 1995]; Mortgage Elec. Registration Sys., Inc. v Anuforo, 15 Misc 3d 1124[A], 2007 NY Slip Op 50834[U] [Sup Ct, Nassau County 2007]). But, an occupant, such as the proposed intervenor, who attains possession of property in foreclosure after the filing of a lis pendens does not enjoy greater *336 rights than one who occupies before the commencement simply by reason of the after acquired possession.
It remains that a notice of pendency is constructive notice to any person who purchases from any defendant named in the notice and a person whose conveyance is recorded after the filing of the notice is similarly bound (Green Point Sav. Bank v St. Hilaire, 267 AD2d 203 [2d Dept 1999]). This rule has similar application to a tenancy created after the filing of a notice of pendency (West 56th & 57th St. Corp. v Pearl, 242 AD2d 508 [1st Dept 1997]).
The last sentence of CPLR 6501 is not to be read as limiting the rights of the filer of a notice of pendency but rather to clarify that the holder of an interest which is obtained prior to the filing of the notice of pendency, but is recorded thereafter, is nevertheless bound by all proceedings taken after the filing to the same extent as if the person was a party (Letizia v Flaherty, 207 AD2d 567 [3d Dept 1994]). The legislative history of CPLR 6501 indicates that the purpose of the second sentence is “to make it clear that a conveyance subsequently recorded although previously executed is subject to the notice” (Third Prelim Rep of Advisory Comm on Prac & Pro, 1959 NY Legis Doc No. 17, at 152 [1959]). This interpretation was followed in Lewis v Rodriguez (155 Misc 2d 12 [Sup Ct, Bronx County 1992]) where an occupant in a building claimed to have an unrecorded deed that predated the filing of a notice of pendency and the court held that the plaintiffs rights were superior to the claimed ownership rights even though she was not served or made a party.
The holding reached here is consistent with the goal and purposes of permitting a notice of pendency to be filed (see 5303 Realty Corp. v O & Y Equity Corp., 64 NY2d 313 [1984]), namely, that a court retain the ability to effect justice by preserving its power over the property which is the subject of the suit.
Intervention is not appropriate here because allowing proposed intervenor to become a defendant will not enhance his rights. Although it is correct that the proposed intervenor faces the loss of his tenancy, it is apparent that his intervention will not alter the result as he has no defense to the plaintiffs right to foreclose and there are no common issues of law or fact to be considered. (See Matter of Glass v Glass, 29 AD3d 347 [1st Dept 2006]; Bankers Trust Co. of Cal., N.A. v Dudley, 13 AD3d 567 [2d Dept 2004]; Citibank, N.A. v Plagakis, 8 AD3d 604 [2d Dept 2004].)
Intervention as of right is thus not applicable here. (CPLR 1012.) Since the sole claim of the proposed intervenor is that his *337 tenancy survived the foreclosure, there are no common questions of law and fact relating to the issue of plaintiffs right to foreclose, thereby rendering inapplicable the availability of permissive joinder pursuant to CPLR 1013.
RPAPL 221, which authorizes the court to issue an order of possession, by its terms may only be employed to oust a party (or his representative or successor) who is bound by the judgment. To the extent that the order issued here applies to persons such as the proposed intervenor in possession who are not named defendants, the order is vacated. (See Tri-Land Props. v 115 W. 28th St. Corp., 267 AD2d 142 [1st Dept 1999]; County Fed. Sav. & Loan Assn. v First Pa. Realty Corp., 29 AD2d 675 [2d Dept 1968], affd 23 NY2d 680 [1968]; Gibbs v Kinsey, 170 AD2d 1049 [4th Dept 1991]; cf. Citibank, N.A. v Plagakis, 21 AD3d 393 [2d Dept 2005].)
The statutory scheme supports the foregoing because RPAPL 713 (5) provides that a special proceeding may be maintained where, as here, no landlord-tenant relationship exists upon the grounds that the property has been sold in foreclosure. (Matter of SI Bank & Trust v Sheriff of City of N.Y., supra.)
In brief, the tenancy of the proposed intervenor is, by virtue of its having been created after the filing of the notice of pendency, subordinate to the lien of plaintiffs mortgage and is thus extinguished by the foreclosure. However, the possession of the proposed intervenor may not be displaced by way of the writ of assistance order issued by this court pursuant to RPAPL 221 because the proposed intervenor was never named as a defendant in this action, thus requiring the use of some other lawful means of bringing his possession of the mortgaged premises to an end. (See e.g. RPAPL 713 [5].)