OPINION OF THE COURT
Scott Fairgrieve, J.
Marigo and Peter Kangelaris move pursuant to CPLR 3211 to dismiss the petitioner’s holdover proceeding. Petitioner U.S. Bank National Association opposes the motion.
The petitioner is the owner of real property premises located at 37 Oceanview Avenue, Valley Stream, New York, by virtue of a foreclosure referee’s deed dated July 21, 2009 (affirmation in opposition, exhibit A) arising out of a judgment of foreclosure and sale entered by Nassau County Supreme Court on July 16, 2008 (affirmation in opposition, exhibit B). The petitioner served a 10-day notice to vacate and certified referee’s deed on the respondent movants on August 19, 2009. The petition and notice of petition was served on a person of suitable age and discretion on January 5, 2010.
At the commencement of the foreclosure action a notice of pendency (lis pendens) was filed on August 30, 2007 (affirmation in opposition, exhibit C). Approximately three weeks later, on September 16, 2007, Marigo Kangelaris entered into a lease agreement with Claire Hurtado, the prior foreclosed mortgagor, to lease the premises at issue. The lease was to begin on November 1, 2007 and terminate on October 31, 2011. Marigo Kangelaris was to live in said premises with her husband Peter and her daughter Anna. At the time of the lease signing, the house was just a shell and needed a tremendous amount of work. The lease rider acknowledges this situation and states that
“[d]ue to the renovation and repair cost of $78,950.00 the Rent will be considered pre-paid for the full duration of the four (4) year lease, THE RENT WILL START 12 MONTHS AFTER THE COMMENCEMENT OF THE LEASE. The Tenant has one year to complete all repairs and renova *935 tion[s] without paying rent. The first payment of rent will start after one year from the lease commencement date and is to be deducted monthly from the $78,950.00 tenant will spend to renovate/repair the property.”
Marigo and Peter Kangelaris claim that they have spent over $75,000 to improve the home’s condition. However, the work was not done in the one-year period and no rent has been paid to date.
In support of their motion, respondent movants claim that they are bona fide tenants and therefore are entitled to occupy the premises for the remainder of the lease term according to the Protecting Tenants at Foreclosure Act of 2009 (Pub L 111-22, tit VII, § 702 [a], 123 US Stat 1660-1661, amending Emergency Economic Stabilization Act of 2008, div A, tit I, § 110 [codified at 12 USC § 5220 Note] [hereinafter 12 USC § 5220 Note]). Said statute defines a bona fide tenant as follows:
“(b) Bona fide lease or tenancy. — For purposes of this section, a lease or tenancy shall be considered bona fide only if—
“(1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant;
“(2) the lease or tenancy was the result of an arms-length transaction; and
“(3) the lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit’s rent is reduced or subsidized due to a Federal, State or local subsidy.” (12 USC § 5220 Note [b].)
Under the terms of the statute the movants have failed to prove that they are bona fide tenants. In this case there has been no receipt of fair market rent; the respondents have paid no rent for the past two years. Even if this court were to determine that the cost of the repairs is the equivalent of fair market rent, the respondents have defaulted on the lease by failing to complete the repairs in the one-year period as required by the lease rider.
Furthermore, assuming arguendo the respondent movants are bona fide tenants under the definition of the statute, they still would not be protected because the lease was not entered into before the notice of foreclosure. The Protecting Tenants at Foreclosure Act provides that
“(a) In general. — In the case of any foreclosure on a *936 federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to—
“(1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and “(2) the rights of any bona fide tenant, as of the date of such notice of foreclosure—
“(A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice.” (12 USC § 5220 Note [a].)
The respondent movants allege to have a four-year lease with the prior foreclosed mortgagor commencing on November 1, 2007. This is two months after the commencement of the foreclosure action. While New York State has no document entitled a “notice of foreclosure,” this court finds the equivalent of the term to be the notice of pendency.
Since the lease was entered into after the notice of pendency, the respondent movants took possession of the premises subject to the foreclosure. A lis pendens is a vital and required document pursuant to CPLR 6501. The document gives constructive notice to any person who purchases or acquires a tenancy that a foreclosure action affecting the right, title, use or enjoyment of real estate has begun so that anyone who seeks to acquire an interest in the premises will be bound by all proceedings in the mortgage foreclosure action. (SRF Bldrs. Capital Corp. v Ventura, 229 AD2d 431 [2d Dept 1996]; Nomura Home Equity Loan Inc. v Vacchio, 21 Misc 3d 333 [2008].) The effect of the notice of pendency is that a subsequent purchaser, assignee or lessee of the foreclosed owner, after the filing, is bound by the foreclosure judgment as if he had been made a party (Grid Realty Corp. v Winokur, 43 NY2d 956 [1978]). This document makes any agreements made with the prior owner to occupy, lease or purchase the premises void as to someone acquiring their rights pursuant to the entered judgment of foreclosure. Holding the notice of pendency to be the equivalent of the “notice of foreclosure” is consistent with the goals and purposes of permitting a notice of pendency to be filed.
*937 Secondly, the respondents claim that they had a right of first refusal to purchase the property should Claire Hurtado decide to sell, and argue that the home would be unsellable if it were not for the improvements of the respondents. This argument is meritless because any lease that is for a period of longer than three years must be recorded (Real Property Law § 291). Finkelstein and Ferrara, Landlord and Tenant Practice in New York (§ 2.67, at 2-35 [West’s NY Prac Series, vol F, 2006]) states that “[generally, when a lease with a term greater than three years is not recorded, the lease will be considered ‘void as against any subsequent purchaser for value.’ ” Since this lease is void, the term dealing with the right of first refusal is void as well.
All other claims set forth by the respondents are meritless. The requested relief in the respondent movants’ motion to dismiss is denied in its entirety.