OPINION OF THE COURT
Scott Fairgrieve, J.
Respondent Milagros Nieves, also known as Milly Nieves, moves to dismiss the holdover proceeding brought against her by Deutsche Bank National Trust Company.
Facts and Procedural History
(1) Petitioner commenced foreclosure proceedings (lis pendens was filed) for the subject premises located at 54 Agnes Street, Freeport, New York on or about January 7, 2008.
(2) A judgment of foreclosure and sale of the subject premises was entered on August 27, 2008 against Dave Tulloch, then the owner/mortgagor of the property. The judgment states:
“ORDERED, ADJUDGED AND DECREED that each and all of the defendants in this action and all *1172 persons claiming under them or any or either of them after the filing of the notice of pendency of this action, and they hereby are, forever barred and foreclosed of all right, claim, title, interest and equity of redemption in and to said mortgaged premises and each and every part thereof.”
(3) A one-year Section 8 lease was subsequently entered into on November 30, 2008 between respondent Milagros Nieves and Dave Tulloch, who did not have the authority to execute the lease as per the judgment of foreclosure.
(4) Petitioner purchased the subject premises by way of a foreclosure sale on or about May 19, 2009 and title was conveyed to petitioner by referee’s deed dated May 26, 2009.
(5) After respondent’s Section 8 lease expired on November 30, 2009, a 10-day notice to quit was served upon her on December 15, 2009.
(6) This holdover proceeding commenced on February 17,
2010.
(7) Respondent moved to dismiss the proceeding on March 2,
2010.
Motion to Dismiss
Respondent wishes to dismiss the holdover proceeding on two grounds:
(1) Pursuant to the Protecting Tenants at Foreclosure Act of 2009 (Pub L 111-22, Div A, Tit VII, § 703, 123 US Stat 1661-1662 [enacted May 20, 2009]), Petitioner Failed to Assume Respondent’s Section 8 Tenancy.
Public law 111-22, division A, title VII, § 702 (123 US Stat 1660-1661 [“Effect of Foreclosure on Preexisting Tenancy”]) states:
“(a) In General. — In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to—
“(1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and “(2) the rights of any bona fide tenant, as of the date of such notice of foreclosure.”
A bona fide tenant is defined as:
*1173 “(b) Bona fide lease or tenancy. — For purposes of this section, a lease or tenancy shall be considered bona fide only if—
“(1) the mortgagor or the child, spouse, or parent of the mortgagor under the contract is not the tenant;
“(2) the lease or tenancy was the result of an arms-length transaction; and
“(3) the lease or tenancy requires the receipt of rent that is not substantially less than fair market rent for the property or the unit’s rent is reduced or subsidized due to a Federal, State, or local subsidy.” (Id. § 702 [b].)
Petitioner states respondent has never tendered a rent payment (see surreply at 3) and respondent does not refute this. Thus, respondent does not conform to the third clause of the definition of a bona fide tenant under the statute (U.S. Bank Natl. Assn. v Hurtado, 27 Misc 3d 933 [Nassau Dist Ct 2010]).
The effective date of the statute is May 20, 2009. The foreclosure judgment was entered on August 27, 2008, nine months prior, and the lease commenced on December 1, 2008, six months prior.
Respondent is not a bona fide tenant “as of the date of such notice of foreclosure.” In the State of New York, a lis pendens serves as a notice of foreclosure (U.S. Bank Natl. Assn. v Hurtado, 27 Misc 3d 933 [2010]) and the lis pendens was filed on or about January 7, 2008, nearly one year before the lease was entered into. Therefore, the statute does not apply and this argument is without merit.
(2) The Requisite Notice Pursuant to 24 CFR 982,310 was Not Served upon Respondent
24 CFR 982.310 is titled “Owner termination of tenancy” and covers termination of a tenancy during the term of a Section 8 lease. Respondent’s Section 8 lease expired by its own terms on November 30, 2009 and petitioner subsequently served respondent with a notice to quit on December 15, 2009. Petitioner is not terminating the tenancy during the term of the lease. Therefore, this statute has no applicability to the case at bar and the argument is without merit.
Respondent’s additional claim of breach of the warranty of habitability is also without merit. No landlord-tenant relationship exists between the parties (Green Point Sav. Bank v Fusco, 163 Misc 2d 648 [Civ Ct, Kings County 1994]) as rent was never tendered to petitioner (see surreply at 3).
*1174 In Goethals Mobile Park v Staten Is. Meadowbrook Park Civic Assn. (208 AD2d 896 [2d Dept 1994]) the Second Department limited the tenant’s right of action for a breach of the implied warranty of habitability to a defense in a nonpayment action, but not as a defense in an action for possession where the tenant has continued in possession beyond the lease term. (See de Winter and Loeb, Practice Commentaries, McKinney’s Cons Laws of NY, Book 49, Real Property Law § 235-b [2006 ed].) Therefore, this claim cannot be asserted in the case at bar.
Conclusion
Respondent has failed to make a prima facie case for dismissal. Petitioner has established that it is the lawful owner of the subject premises and that respondent has held over since December 2009. The motion to dismiss is denied. Petitioner is awarded an immediate judgment of possession and warrant, with eviction stayed until June 30, 2010.