OPINION OF THE COURT
Ellen M. Yacknin, J.
Introduction
Petitioner in this summary eviction proceeding is a national bank that assumed ownership of rental property following a foreclosure action. As the successor property owner, the bank seeks an order of eviction against the tenants who reside in the property. This case raises the novel issue of whether the successor property owner bank, which is statutorily required to provide bona fide tenants at least 90 days’ advance notice prior to seeking their eviction, can nonetheless evict the tenants before 90 days have elapsed if the tenants do not provide information demanded by the bank before then.
Factual and Procedural Background
Petitioner Bank of America, N.A., acquired ownership of the rental property at 84 West High Terrace in Rochester, New York on January 4, 2010 following a foreclosure action against the defaulting property owner. Respondents Jacob Owens, Patricia Owens, Salina Owens, LaSean Roberts, and John Doe allegedly reside at the property, apparently having rented from the former property owner.
On January 9, 2010 petitioner purportedly sent a “90 Day Notice to Vacate,” dated January 6, 2010, to respondents.[1] This notice advised respondents to vacate the property within 90 days, and that if they failed to do so, eviction proceedings would be commenced against them. In addition, the notice directed each respondent to fill out and return an attached question *330 naire asking for information about the nature of his or her tenancy. The notice also stated: “If the undersigned’s attorneys do not receive the requested information within five (5) days, we will assume that you are not a bona fide tenant and we will proceed with an eviction action without delay, in accordance with the laws of the State of New York.” (Jan. 6, 2010 notice, at 2.)
Respondents did not return the requested questionnaires. For that reason, on January 28, 2010, petitioner’s attorney served a 10-day “Notice to Quit Premises” on respondents.[2] On February 11, 2010 petitioner filed a notice of petition for judgment and “Warrant of Eviction” pursuant to Real Property Actions and Proceedings Law § 713 (5). The petition was served on all respondents by substitute service on February 15, 2010.
Petitioner’s attorney appeared in court on February 24, 2010, the action’s return date. No respondent appeared. On that date, the court expressed its concern about whether respondents had received sufficient 90 days’ advance notice under the federal Protecting Tenants at Foreclosure Act of 2009 (PTFA) (Pub L 111-22, div A, tit VII, §§ 701-704, 123 US Stat 1660 [May 20, 2009]).[3] For that reason, the case was adjourned to February 26, 2010 for further proceedings.
On that date, petitioner’s attorney acknowledged that the PTFA applied to respondents in this action,[4] and that petitioner had brought an eviction proceeding against respondents before *331 90 days had elapsed following the initial notice to vacate. Petitioner’s attorney maintained, however, that because respondents failed to return the completed questionnaires that were demanded in the first notice, petitioner was entitled to commence an eviction action against respondents before the statutory 90 days’ notice period had expired.
Legal Analysis
As petitioner acknowledges, the Protecting Tenants at Foreclosure Act applies to the parties in this action.[5] The PTFA provides that all “bona fide tenants” residing in foreclosed residential real property are entitled to at least 90 days’ advance notice of their obligation to vacate the premises before they can be evicted. (See PTFA § 702 [a].)[6] Under the Act, a person is a “bona fide” tenant if: (1) neither the mortgagor nor his or her family member is the tenant; and (2) the tenancy was the result of an arm’s length transaction; and (3) the monthly rent (unless it is subsidized rent) is not substantially less than the property’s fair market rent. (See PTFA § 702 [b].)
Petitioner contends that the questionnaire it sent to respondents was intended to help petitioner determine whether respondents were bona fide tenants under the PTFA. The solicitation of written information from the tenants of a foreclosed property to help the successor property owner comply with the PTFA is not unreasonable. For example, if petitioner learned from a completed questionnaire that a tenant had nine months remaining on a 12-month lease, petitioner could not evict the tenant until the lease term expired. (See PTFA § 702 [a] [2] [A].)
*332 The solicitation of information, however, was not the sole function of petitioner’s questionnaire. Instead, petitioner used respondents’ failure to respond to the questionnaire as a device to bring an eviction action against respondents well before the expiration of the PTFA’s 90 days’ notice period. Petitioner accomplished this goal by directing respondents to respond to its questionnaire within five days of receiving its notice to vacate. Petitioner argues that when respondents failed to respond to the questionnaire, it was entitled to “assume” that respondents were not bona fide tenants under the PTFA. Therefore, according to petitioner, it was entitled to commence eviction proceedings against respondents 33 days after their receipt of the notice to vacate.
Petitioner commenced eviction proceedings against respondents prior to expiration of the PTFA’s statutory 90 days’ notice period solely because they failed to respond to petitioner’s questionnaire. Doing so violates both the intent and plain language of the PTFA for several reasons.
First, in determining whether the PTFA entitles a successor owner to impose its own prerequisites on tenants before providing them with 90 days’ advance notice prior to their eviction, it is essential to determine congressional intent in adopting the PTFA. In this regard, the New York Court of Appeals has emphasized:
“In matters of statutory and regulatory interpretation, we have repeatedly recognized that legislative intent is the great and controlling principle, and the proper judicial function is to discern and apply the will of the [enactors]. Generally, inquiry must be made of the spirit and purpose of the legislation, which requires examination of the statutory context of the provisions as well as its legislative history.’ ” (Matter of ATM One v Landaverde, 2 NY3d 472, 476-477 [2004] [citations omitted].)[7]
Moreover, a statute must be construed to avoid objectionable results. (See ATM One v Landaverde, 2 NY3d at 477.)
*333 Congress’ unequivocal intent in enacting the PTFA was to protect tenants in foreclosed rental properties against abrupt evictions; it was not intended to help the properties’ successor owners obtain swift possession. As explained by the United States Department of Housing and Urban Development, prior to the PTFA’s adoption, “it [had] bec[o]me increasingly evident that . . . tenants residing in residential properties were also victims of the foreclosure crisis. . . . The objective of these new tenant protections is to ensure that tenants receive appropriate notice of foreclosure and are not abruptly displaced.” (74 Fed Reg 30106.) Similarly, following the PTFA’s passage, Senator Christopher Dodd, one of the legislation’s drafters, declared:
“[F]or too long, tenants have been the innocent victims of the foreclosure crisis. Countless tenants across the country have been forced to leave their homes simply because their landlords were unable to pay their mortgages ....
“This new law protects tenants facing evictions due to foreclosure by ensuring that they can remain in their homes for the length of the lease or, at the least, receive sufficient notice and time to relocate their families and lives to a new home.” (155 Cong Rec S8978-01 [Aug. 6, 2009].)
To interpret the PTFA to allow successor property owners to require bona fide tenants to forfeit their right to the Act’s advance notice protections unless the tenants respond to the property owners’ questionnaires would lead to the objectionable result that bona fide tenants could be evicted without receiving the benefit of the PTFA’s 90 days’ advance notice safeguards. Therefore, to effectuate the PTFA’s legislative intent of preventing sudden and disruptive evictions of tenants residing in foreclosed properties, the Act’s advance notice provisions cannot be construed to permit successor property owners to take measures to circumvent those provisions.
Second, the PTFA’s plain language imposes an advance notice requirement only on successor property owners. The PTFA neither imposes any preconditions on tenants nor authorizes successor owners to impose any preconditions on tenants as a prerequisite to tenants’ receipt of the PTFA’s 90 days’ advance notice.
Petitioner’s requirement that bona fide tenants fill out and submit questionnaires as a prerequisite to the tenants’ receipt of 90 days’ advance notice to vacate a foreclosed rental property *334 imposes an obligation on bona fide tenants that is neither required nor authorized by the PTFA. Stated differently, by requiring bona fide tenants to respond to its questionnaire within five days of its demand to do so or face eviction proceedings prior to the expiration of 90 days, petitioner has imposed its own notice requirement on bona fide tenants that is neither authorized nor contemplated by the PTFA as a prerequisite to tenants’ receipt of the Act’s safeguards.
Third, petitioner’s five-day demand for information improperly shifts the burden of demonstrating a tenant’s entitlement to 90 days’ advance notice from a successor property owner to a bona fide tenant. Petitioner correctly observes that under the PTFA, only bona fide tenants are entitled to at least 90 days’ advance notice to vacate. But the PTFA does not require bona fide tenants to prove their status before they are entitled to receive 90 days’ advance notice to vacate from a successor property owner. Instead, the successor owner carries the burden of demonstrating that a resident of a foreclosed property is not a bona fide tenant in order to permit the successor owner to short-circuit the PTFA’s 90 days’ notice requirement. (See First Natl. Bank of Chicago v Silver, 73 AD3d 162, 165-170 [2d Dept 2010]; W54-7 LLC v Schick, 14 Misc 3d 49, 50 [App Term, 1st Dept 2006].)
To place the initial burden of producing evidence of bona fide tenancy status on the tenant would be to turn the PTFA’s goal of protecting tenants in foreclosed properties on its head. Such a requirement would impose a burden on tenants that is neither expressly nor tacitly authorized by the legislation. Conversely, to place the burden on a successor owner to demonstrate that a property resident is not a bona fide tenant is not unduly burdensome. The definition of a bona fide tenant is exceedingly broad. Other than the mortgagor’s family members, of whom the successor owner should be aware, the vast majority of residents in foreclosed properties qualify as bona fide tenants. Thus, it is reasonable to presume that a resident of a foreclosed property is a bona fide tenant unless the successor owner demonstrates otherwise.[8]
*335 As a result, if a successor property owner has credible evidence that a resident of foreclosed property is not a bona fide tenant, the successor owner is free to bring an eviction proceeding against the resident without providing the 90 days’ advance notice mandated by the PTFA. The successor owner may have credible evidence, for instance, that the resident is the mortgag- or’s spouse or parent, or that the resident rented the property from the prior owner for $1 a month. Evidence of either situation would obviate a successor owner’s obligation, to provide a resident with 90 days’ advance notice prior to the commencement of eviction proceedings.
On the other hand, a tenant’s failure to respond to a successor owner’s request for information about the tenant’s status is not credible evidence that a resident is not a bona fide tenant. To the contrary, a tenant’s failure to respond to a demand for information about his or her status demonstrates merely that the tenant failed to respond. Accordingly, absent independent credible evidence that he or she is not a bona fide tenant, a respondent’s failure to reply to petitioner’s five-day demand for information does not entitle petitioner to evade its 90 days’ notice obligations under the PTFA.
Conclusion
For the reasons discussed above, petitioner’s failure to give respondents at least 90 days’ advance notice before commencing eviction proceedings against them violates respondents’ rights under the federal Protecting Tenants at Foreclosure Act of 2009. Accordingly, petitioner’s petition for a warrant of eviction against respondents is dismissed.[9]

. Neither petitioner’s pleadings nor its subsequent submissions include affidavits of service of the January 6, 2010 notice. However, petitioner’s January 20, 2010 notice to quit states, “[a] 90 Day Notice to Vacate was previously sent on 01/09/2010 to which Plaintiff has received No [sic] response.”

. The filed affidavits of service show that the 10-day notice to quit was served on respondents by substitute service on January 28, 2010.

. The relevant notice provisions of the Act are set forth at 12 USC § 5220 Note.

. See July 9, 2009 memorandum from petitioner’s attorney that states, “[Effective May 20, 2009, we must comply with Title VII of Senate Bill 896 ‘Protecting Tenants at Foreclosure Act of 2009’.” For that reason, the court need not address the conclusion in Collado v Boklari (27 Misc 3d 161 [Suffolk Dist Ct 2009]) that despite the Act’s plain language that it applies “[fin the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property” (PTFA § 702 [a] [emphasis supplied]), the Act applies only where a federally-related mortgage loan is foreclosed, and not in other cases.
In any event, contrary to the Collado court’s conclusion, the United States Department of Housing and Urban Development has expressly stated that “[t]he responsibility for meeting the [PTFA’s] new tenant protection requirements applies to all successors in interest of residential property, regardless of whether a Federally related mortgage is present.” (74 Fed Reg 30106 [June 24, 2009]; see also 74 Fed Reg 30107.) Notably, in its decision, the Collado court relied in large part on its view that the Congress lacked the constitutional authority to enact such legislation. (See Collado v Boklari, 27 Misc 3d at 165- *331 167.) However, there is no indication that either the New York State Attorney General or the United States Attorney General was given an opportunity to defend the Act’s constitutionality. (See Villada v U-Haul Co. of Ariz., 16 Misc 3d 1108[A], 2007 NY Slip Op 51339[U], *3 [Sup Ct, Kings County 2007]; Stewart v Hertz Vehs., LLC, 15 Misc 3d 1135[A], 2007 NY Slip Op 50991[U], *3 [Sup Ct, Kings County 2007]; cf. 28 USC § 2403 [a]; CPLR 1012 [b] [1].)

. New York State’s parallel 90 days’ notice law, RPAPL 1305, applies to eviction actions where a judgment of foreclosure and sale was issued on or after January 14, 2010. (See L 2009, ch 507, § 25 [b].) Because the judgment of foreclosure in this action was issued on January 4, 2010, RPAPL 1305 does not apply to this case.

. Under the PTFA, a bona fide tenant without a written lease is entitled to remain in the premises for 90 days following a notice to vacate, while a bona fide tenant with a written lease is entitled to remain in the premises for the longer of 90 days or the remainder of the lease term (unless the new owner will occupy the premises) following a notice to vacate. (See PTFA § 702 [a] [2].)

. In Landaverde, the Court of Appeals concluded that to effectuate the legislative goal of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4, as amended) to address the “serious public emergency” in housing across New York State, the implementing regulations requiring landlords to give tenants in rent-stabilized housing 10 days’ advance notice to cure wrongful acts must be interpreted to include an additional five days’ notice when the notice is served by mail. (See Matter of ATM One v Landaverde, 2 NY3d at 477-478.)

. In U.S. Bank N.A. v Hurtado (27 Misc 3d 933, 935-936 [Nassau Dist Ct 2010]), the court intimated that the residents of the foreclosed property had the burden of proving that they qualified as bona fide tenants under the PTFA. That suggestion is inapposite in this case because the dispute involved the PTFA’s continued occupancy under written lease pro *335 visions, not its advance notice provisions. Moreover, unlike petitioner in this case, the successor owner in Hurtado did not bring an eviction proceeding against the residents until more than 90 days after serving the residents with a notice to vacate. (See U.S. Bank N.A. v Hurtado, 27 Misc 3d at 934.)

. That respondents failed to answer or appear is of no consequence. In a summary eviction proceeding, a petitioner’s compliance with statutory requirements, including statutory notice requirements, is a condition precedent to a court’s jurisdiction to entertain the petition regardless of the respondent’s appearance. (See Riverside Syndicate, Inc. v Saltzman, 49 AD3d 402 [1st Dept 2008]; Matter of Cat Hollow Estates, Inc. v Savoia, 46 AD3d 1293 [3d Dept 2007]; P.S. 85th St. F.L.P v Demos, 17 Misc 3d 1139[A], 2007 NY Slip Op 52346[U], *2 [Civ Ct, Kings County 2007].)